■   DOROTHY C. CIMINO, as Administratrix of the Estate of JACQUINO CIMINO, Deceased, Appellant, v CITY OF NEW YORK, Appellant, and PETER GIANFRANCESCO, Respondent. CITY OF NEW YORK, Third-Party Plaintiff-Appellant, v JOSEPH CORY DELIVERY SERVICES, INC., Third-Party Defendant-Appellant, and JOSEPH CAPPIELLO, Third-Party Defendant-Respondent. PETER GIANFRANCESCO, Fourth-Party Plaintiff-Respondent, v JOSEPH CORY DELIVERY SERVICES, INC., Fourth-Party Defendant-Appellant, and JOSEPH CAPPIELLO, Fourth-Party Defendant-Respondent.—Judgment, Supreme Court, Bronx County, entered April 5, 1974, after jury trial, and order of the same court entered October 9, 1974, modifying that judgment, unanimously reversed, on the law and in the interest of justice and vacated; complaint against defendant-appellant City of New York dismissed, and third-party complaint of third-party plaintiff-appellant City of New York dismissed as academic; case of plaintiff-respondent-appellant Dorothy C. Cimino, as administratrix of the goods, chattels and credits of Jacquino Cimino, against defendant Peter Gianfrancesco, and case of fourth-party plaintiff Peter Gianfrancesco against fourth-party defendant-appellant Joseph Cory Delivery Services, Inc. and fourth-party defendant Joseph Cappiello severed and remanded to Supreme Court, Bronx County, for new trial; and cross appeal of plaintiff-respondent-appellant Dorothy C. Cimino, as administratrix, dismissed as academic, all without costs and without disbursements by any party against any other. On February 6, 1968, at the uncontrolled intersection of Steward and Olmstead Avenues in Bronx County, plaintiff-appellant's decedent was killed in a collision between the truck of his employer, third- and fourth-party defendant-appellant Joseph Cory Delivery Services, Inc. and the passenger car owned and driven by defendant and fourth-party plaintiff Peter Gianfrancesco. The decedent Cimino was a helper on Cory's truck, being driven by his coemployee, third- and fourth-party defendant Joseph Cappiello. Gianfrancesco was driving north on Olmstead and, while approaching the intersection, had looked to his left across a vacant southwest corner lot; seeing no approaching traffic he continued without looking again in that direction. Cappiello had just left the south curb of Steward about 150 feet from the corner and was proceeding easterly, when, as he said, he saw the Gianfrancesco car about 15 feet away, heading toward him. He attempted to avoid collision by swerving left, but was struck on his right; Cimino was thrown from the truck which fell on him, causing his death. In recent months, traffic had become unusually heavy at that intersection because of diversion thereto from the site of the Bruckner Expressway construction. Police authorities had requested installation of a traffic light there; it had been ordered but not yet installed. Absence of this control provides the key issue before us. Suit for Cimino's wrongful death was brought against Gianfrancesco based upon his allegedly negligent driving. The main thrust of plaintiff's suit, however, was directed against the city for alleged negligence in failure to install the traffic light. Obviously Cory could not be sued directly because of the bar of the Workmen's Compensation Law, but, after a verdict jointly against both the city and Gianfrancesco apportioning liability half-and-half between them, the jury returned a verdict in a third-party suit by the city against Cory which assessed liability between them as 75% chargeable to Cory and 25% to the city. A fourth-

party suit by Gianfrancesco against Cory resulted in an even division of liability between them. Cappiello was not named in either third- or fourth-party verdict, but a motion by his employer for judgment over against him was granted. All parties but Gianfrancesco and Cappiello appeal. Plaintiff has cross-appealed from the order resettling the judgment as to priority in collection of contribution but, since we vacate the judgment in its entirety, the cross appeal becomes academic. We turn at once to the claim against the city. To begin with, there is no indication in the evidence that the absence of a light or a stop sign actually contributed to the happening of the accident: both drivers could see that they were approaching an uncontrolled intersection, and the vision of neither was obstructed along the clear line of sight afforded by the vacant lot. Patently, the accident was caused by the drivers' actions. There should have been dismissal for lack of proof of causal connection. (See *Rivera v City of New York,* 11 NY2d 856.) And, even assuming causal connection, installation of a control is a discretionary governmental function, not resulting in liability on the city's part. (See *Weiss v Fote,* 7 NY2d 579, 584–585; *Evers v Westerberg,* 38 AD2d 751; *Riss v City of New York,* 22 NY2d 579.) Nor was this a situation wherein there was failure properly to maintain an already established control. *(Eastman v State of New York,* 303 NY 691.) The complaint against the city should have been dismissed, and we direct accordingly. We now examine the effect of our removal of the city as a party. To say the least, what remains of the judgment and its *Dole v Dow Chem Co.* (30 NY2d 143) apportionments is a scene of chaos, which should, however, not detain us by an attempt to recast the jury's verdict into a viable judgment. It is obvious from an aborted first verdict, rejected by the trial court, that the jury's inclusion therein of Cory as a party defendant resulted from an erroneous charge which unduly stressed Cory's role by making it appear—unintentionally, it must be said—that Cory was a party defendant in Cimino's case. And it was prejudicial to Cory to permit evidence that Cappiello had received a traffic summons at the scene. These errors make it necessary that the liability of the various parties be re-examined in a trial free from error and in which the city's presence will not be an unnecessarily complicating factor. Though both Gianfrancesco and Cappiello have elected not to appeal, the extent of their involvement in the judgment was necessarily affected by the grounds we have cited for vacatur of the judgment as to the others. In the interest of justice and to achieve a proper apportionment of damage, it is necessary to vacate the judgment as to them, also and to include them as participants in the retrial. Concur—Markewich, J. P., Murphy, Birns, Nunez and Lynch, JJ.