Richard H. RAPP, Jr., Area Inc., Realtors and State Farm Insurance & Casualty Company, Appellants,

v.

STATE of Alaska, Appellee.

No. 5988.

Supreme Court of Alaska.

July 23, 1982.

Eric L. Hanson, Timothy M. Lynch, William Oberly, Abbott, Lynch & Farney, Anchorage, for appellants.

Joe M. Huddleston, Kenneth P. Jacobus, and Bonnie L. Thie, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

1. See AS 09.50.250(1), which provides that the state is not liable for claims arising from the exercise of a "discretionary function or duty" on the part of a state employee.

## OPINION

PER CURIAM.

This appeal arises out of an automobile accident in which Richard H. Rapp, Jr. was injured. Rapp asserts that the state was negligent in equipping the intersection at Muldoon Road and Northern Lights Boulevard in Anchorage with a stop sign rather than a sequential traffic signal.

Disposition of this appeal is controlled by our recent decision in *Wainscott v. State*, 642 P.2d 1355 (Alaska 1982). In that case appellant instituted a wrongful death action against the State of Alaska, alleging in part that the state had negligently failed to equip the intersection of O'Malley Road and the New Seward Highway with a sequential red, amber, and green traffic signal. In *Wainscott*, as in this case, the state moved for summary judgment on the ground that the selection of a traffic control mechanism for the intersection constituted a discretionary function[1] and therefore that the state was immune from suit.

Applying our decisions adopting a "planning level-operational level" test for determining the applicability of the discretionary function exception, we held in *Wainscott* that the state was immune from suit because the decision to install flashing red and yellow lights in lieu of a sequential traffic signal constituted a planning level decision. In reaching this conclusion we observed:

> If we were to assess the propriety of this decision, we would be engaging in just the type of judicial review that the discretionary function exception seeks to prevent. The selection of a traffic control device for the New Seward—O'Malley intersection was not a purely ministerial decision implementing a preexisting policy, but rather a decision that called for policy judgment and the exercise of discretion.[2]

Similarly, in the case at hand, we conclude that the state's failure to install a

2. *Wainscott v. State*, 642 P.2d 1355, 1357 (Alaska 1982).

sequential traffic signal in lieu of a stop sign was a planning decision immune from negligence liability.[3]

We therefore AFFIRM the superior court's grant of summary judgment to the state.[4]

---

**3.** Rapp argues that this case differs from *Wainscott* because the evidence to be presented at trial would show that the state failed to carry out current traffic condition tests and that the criteria set forth in the Alaska Traffic Manual for evaluating traffic control devices indicated that a sequential traffic signal was needed at the intersection of Muldoon Road and Northern Lights Boulevard. Even assuming that Rapp could prove at trial that a sequential signal would have been appropriate, however, we hold that the state's failure to upgrade the traffic control device at the intersection was a

planning level decision immune from liability. "[N]o action may be brought ... based upon ... the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, *whether or not the discretion involved is abused.*" AS 09.50.250(1) (emphasis supplied). *See, e.g., Jennings. v. State*, 566 P.2d 1304, 1311–12 (Alaska 1977).

**4.** In light of our disposition of this appeal we need not reach Rapp's remaining specifications of error.