Paul WORNSON and Jacqueline Wornson, husband and wife, and Wendy K. Wornson by her parent and natural guardian, Jacqueline Wornson, Plaintiffs,

v.

CHRYSLER CORPORATION, Appellant,

v.

STATE of Minnesota, et al., Defendants

and

City of Burnsville, Respondent.

No. C4–84–1533.

Court of Appeals of Minnesota.

Feb. 5, 1985.

Gray, Plant, Mooty, Mooty & Bennett, George Soule, Minneapolis, for Paul Wornson.

Doherty, Rumble & Butler, David G. Martin, St. Paul, for Jacqueline and Wendy Wornson.

Cragg & Bailly, Ltd., Julie A. Williams, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Michael B. Miller Sp. Asst. Atty. Gen., St. Paul, for State of Minn.

Joseph Stocco & Associates, Donald Day, Minneapolis, for Tana Gail Mashall.

Jardine, Logan & O'Brien, Brian N. Johnson, St. Paul, for respondent.

Heard, considered and decided by FOLEY, P.J., and LANSING and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Paul, Jacqueline and Wendy Wornson commenced a suit against Chrysler Corp., the City of Burnsville, Tana Marshall, and the State of Minnesota as a result of an auto accident on October 17, 1981. Chrysler cross-claimed against the other defendants. The trial court granted summary judgment in favor of the City of Burnsville, and Chrysler appeals. We affirm.

## FACTS

Paul, Jacqueline and Wendy Wornson were injured in an auto accident on October 17, 1981, at the intersection of trunk Highway 13 and the Burnsville dump road in Burnsville, Minnesota. Highway 13 is a four lane divided state highway maintained by the State. The dump road is a Burnsville city street controlled by stop signs.

The Wornsons were traveling west on Highway 13 while defendant Tana Marshall was traveling south on the dump road. After stopping at the stop sign and looking both ways, Marshall started across Highway 13 and struck the Wornson's car.

In their complaint, the Wornsons alleged Burnsville was negligent by not installing a semaphore at the intersection and by failing to warn the public of the inherently dangerous nature of the intersection. The trial court concluded Burnsville had no duty to request the State to install a semaphore at the intersection because the State has sole authority over traffic control devices on State trunk highways and because Burnsville's decision to replace existing traffic controls would be a discretionary act making Burnsville immune from liability.

## ISSUES

1. Was summary judgment proper?

2. Did the City of Burnsville have a duty to request the State's permission to install semaphores at the intersection of Highway 13 and the Burnsville dump road?

## ANALYSIS

### I

Summary judgment is proper when:
the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Minn.R.Civ.P. 56.03. "A material fact is one of such a nature as will affect the result or outcome of a case depending upon its resolution." *Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 229, 219 N.W.2d 641, 646 (Minn.1974). Accordingly, if the City of Burnsville had no duty to request the State's permission to install semaphores at the intersection, summary judgment would be proper because no additional facts would affect the result or outcome of this case. This issue being decisive, we examine the allegation of negligence.

### II

Chrysler argues Burnsville was negligent because it did not ask the state for permission to erect a semaphore on Highway 13 when Burnsville possessed information the stop signs controlling traffic on the Burnsville dump road were inadequate.

The Minnesota Highway Traffic Regulations provide in part:

**Placement and maintenance on trunk highways.** The [Minnesota Commissioner of Highways] shall place and maintain such traffic-control devices, conforming to the manual and specifications, upon all state trunk highways as he shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic. * * *

*No other authority shall place or maintain any traffic control device upon any highway under the jurisdiction of the commissioner except by the latter's permission.*

Minn.Stat. § 169.06, subd. 2 (1982) (emphasis added). Chrysler contends section 169.-06, subd. 3, which provides for placement and maintenance of traffic-control devices by local authorities, imposes on Burnsville the duty to adequately control the intersection:

Local authorities in their respective jurisdictions shall place and maintain such traffic-control devices upon highways under their jurisdiction as they may deem necessary to indicate and to carry out the provisions of this chapter or local traffic ordinances, or to regulate, warn, or guide traffic. All such traffic-control devices hereafter erected shall conform to the state manual and specifications.

Minn.Stat. § 169.06, subd. 3 (1982). It argues the phrase "except with the consent of the commissioner" contained in section 169.04 imposes an affirmative duty on Burnsville to request permission from the State to erect a semaphore at the intersection. Section 169.04 reads as follows:

> The provisions of this chapter shall not be deemed to prevent local authorities, with respect to streets and highways under their jurisdiction, and *with the consent of the commissioner, with respect to state trunk highways,* within the corporate limits of a municipality * * * from:
>
> (2) Regulating traffic by means of police officers or traffic-control signals * * *.

Minn.Stat. § 169.04 (1982) (emphasis added).

Chrysler's argument is without merit. It is clear from the above quoted language that the City of Burnsville could only install semaphores on Highway 13 "with the consent of the commissioner" of Minnesota Highways. There was no absolute duty to act where only the State of Minnesota has such power.

We find support in *Young v. Wlazik,* 262 N.W.2d 300 (Minn.1977), where an automobile/train accident occurred at the intersection of a railroad track and a city street in Winona, Minnesota. The plaintiff, a passenger in the automobile, argued that, even though the City was without power to upgrade the warning devices at the crossing, it could have petitioned the Public Service Commission for a safer crossing, thereby creating a basis for liability. The supreme court disagreed, stating the city's failure to so petition did not render it liable to the plaintiff. *Id.* at 311.

Chrysler attempts to establish negligent conduct on the part of Burnsville through a common law duty to use reasonable care in the performance of its statutorily created duties, relying on *Larson v. Township of New Haven,* 282 Minn. 447, 165 N.W.2d 543 (1969). *Larson* was postured on a township's failure to properly maintain a warning sign at the approach to a T-intersection. Larson is distinguishable. The T-intersec-

tion, formed by township roads, was under the control of the township and not the State. Here, the accident occurred on Highway 13, which is under the exclusive control of the State. Only the dump road is under the control of Burnsville.

## DECISION

The trial court correctly concluded the City of Burnsville had no duty under Minn. Stat. § 169.06 (1982) to request the State to install a semaphore at the intersection. Having so decided, we need not address the other issues raised by Chrysler.

Affirmed.