Paul WORNSON and Jacqueline Wornson, husband and wife, and Wendy K. Wornson, by her parent and natural guardian, Jacqueline Wornson, Respondents,

v.

CHRYSLER CORP., Appellant,

State of Minnesota, Respondent,

Tana Gail Marshall, Defendant.

No. C7–88–2068.

Court of Appeals of Minnesota.

Feb. 28, 1989.

Review Denied April 26, 1989.

David G. Martin, Michael R. Docherty, Doherty, Rumble & Butler, P.A., St. Paul, for Paul Wornson and Jacqueline Wornson, et al.

Gary J. Gordon, Diane B. Bratvold, Fetterly & Gordon, P.A., Minneapolis, for Chrysler Corp.

Hubert H. Humphrey, III, Atty. Gen. Jerome L. Getz, Sp. Asst. Atty. Gen., St. Paul, for State.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and MULALLY, JJ.*

## OPINION

FORSBERG, Judge.

Chrysler appeals from summary judgment granting the State of Minnesota's request for dismissal on the basis of governmental immunity. We affirm.

## FACTS

In October 1981, Paul Wornson was driving his Chrysler automobile west on Highway 13. Tana Marshall was driving south on the Burnsville Dump Road. Marshall planned to turn left and proceed east on Highway 13. There was a stop sign for Marshall at the intersection of the Burnsville Dump Road and Highway 13. Marshall stopped and then pulled out on to Highway 13. Her car struck the Wornson car broadside, injuring Wornson's wife and daughter.

The Wornsons sued Marshall as the driver, and Chrysler for design defects exacerbating the injuries. They also sued the City of Burnsville (City) and the State of Minnesota (State) for failure to install a signal light at the intersection and, in the absence of such light, failure to warn of the dangerous intersection.

The City was previously dismissed from the action. *See Wornson v. Chrysler Corp.,* 361 N.W.2d 493 (Minn.Ct.App.1985) (affirming grant of summary judgment in favor of City).

The district court then granted the State's motion for summary judgment, finding that even if the State was negligent in compiling the data used to prioritize intersections for signals, the ultimate decision to install a signal involves policy issues and is entitled to immunity. The Wornsons filed an appeal but before the appeal was heard, they entered into a Pierringer release with the State. Chrysler now appeals from the order dismissing the State.

## ISSUE

Is the State entitled to immunity for its decision not to install traffic lights at the intersection of Highway 13 and the Burnsville Dump Road?

## ANALYSIS

On an appeal from summary judgment this court must determine whether there are any genuine issues of material fact and whether the law was correctly applied. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

Sovereign immunity with respect to tort claims was prospectively abolished in *Nieting v. Blondell*, 306 Minn. 122, 235 N.W.2d 597 (1975). The court specifically stated that its decision should not be interpreted as imposing liability for the government's exercise of discretionary functions. *Id.* at 131, 235 N.W.2d at 603. The law now provides that the State is not liable for:

Any loss caused by the performance or failure to perform a discretionary duty, whether or not the discretion is abused[.]

Minn.Stat. § 3.736, subd. 3(b) (1986).

The difficulty, of course, is determining what is "discretionary." In evaluating governmental activity, one must not lose sight of the purpose for the discretionary function exception to governmental tort liability. *Nusbaum v. Blue Earth County*, 422 N.W.2d 713, 718 (Minn.1988). The basis for immunity is the concept that the judicial branch of government should not be second-guessing policy decisions of the legislative or executive branches. *Id.* Application of the discretionary function is difficult because almost every act involves some discretion. *Id.* at 719. The query is whether or not the legislature intended to afford immunity for the activity which is the subject of the tort action. *Id.*

The Minnesota Supreme Court has applied a planning versus operational conduct distinction. Conduct at the planning level is protected. *See Silver v. City of Minneapolis*, 284 Minn. 266, 272, 170 N.W.2d 206, 209 (1969) (deployment of police forces during civil unrest was an executive policy decision and protected). Activity at the operational level is unprotected. *Hansen v. City of St. Paul*, 298 Minn. 205, 211–12, 214 N.W.2d 346, 350 (1974) (decision by police officer to postpone capturing two dangerous dogs until after lunch was operational and not protected).

The critical question is not whether government officials exercised judgment, but whether or not the challenged activity "involved a balancing of policy objectives." *Nusbaum*, 422 N.W.2d at 722. The conduct is protected "only where the state produces evidence that the conduct was of a policy-making nature involving social, po-

litical, or *economical* considerations." *Id.* (emphasis added).

In *Nusbaum*, the court determined the decision to place certain speed signs at certain locations was not the result of any broad policy decision but simply the result of state employees' failure to "carry out their statutory duty to determine safe speed zones on county roads when requested by the county." *Id.* at 723. The court therefore held that such a decision was not protected.

On the other hand, the court determined the decision not to place a new speed limit sign at the end of a speed zone was protected because the state had a policy not to do so and a challenge to that decision would force the judiciary to second-guess the policy decisions. *Id.* The *Nusbaum* court specifically indicated that its decision should not be construed to conclude that no signing decision is a protected discretionary function. *Id.* at 724 n. 7.

In *Gonzales v. Hollins*, 386 N.W.2d 842 (Minn.Ct.App.1986), a motorist was injured when a second motorist drove through a stop sign. Three months prior to the accident, the intersection was controlled by a traffic signal. The signal was removed because the municipality had to reduce the number of signals for budgetary reasons. The decision as to which signals should be removed was based on declining traffic. *Id.* at 844. This court held that the decision to replace the signal light with a stop sign was a discretionary act, and was the result of a planning decision made after balancing various factors including safety, traffic, and budget concerns. *Id.* at 846.

The record in this case shows that the decision to install or not install signal lights was based on balancing economic policy (available resources) with safety conditions. The State had a system in place which determined a priority for signalization. Chrysler alleges that the State was negligent in collecting the data which forms the basis for the priority testing and that this collection of data was at the operational level and thus not protected by the discretionary immunity exception. In reaching its decision, the trial court assumed the

State had been negligent in its data collection.

However, it is not the negligent collection of data that Chrysler alleges caused the accident but rather the absence of a signal light. Even if data collection were perfect and the Burnsville Dump Road had been rated the number one priority for a signal in that traffic district, it would still involve a planning decision before installation occurred. The need for a signal at that particular intersection would be weighed against needs in other districts, with other intersections and with existing signals in need of maintenance and the availability of funds. We hold the decision on where to install signals was a protected activity. *See, e.g., Rapp v. State,* 648 P.2d 110, 110–11 (Alaska 1982); *Cimino v. New York City,* 54 A.D.2d 843, 844, 388 N.Y.S. 2d 276, 278 (1976); *Ochoa v. Taylor,* 635 P.2d 604, 608 (Okla.1981).

Finally, the Wornsons (who were plaintiffs in the action) filed a respondents' brief in this appeal. In that brief they raise issues involving contribution and apportionment of damages. They state that they take no position regarding the issue of discretionary immunity. The Wornsons filed no notice of appeal.

Even if a notice of appeal had been filed by the Wornsons, the issues cannot be dealt with because they are premature and have not been ruled on by the trial court. The Wornsons are clearly requesting an advisory opinion, which is not the function of this court. Because their brief does not respond to issues raised by Chrysler, they may not tax their costs against Chrysler.

## DECISION

The trial court did not err in finding the State was entitled to immunity for its decision not to install traffic signals.

AFFIRMED.