■ PETER PIZZI, Individually and as Administrator of the Estate of MARY A. MILLER, Also Known as MARY A. BILELLA, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and WELSBACH ELECTRIC CORP. et al., Appellants.—In an action to recover damages for wrongful death, etc., the defendants L.K. Comstock Company, Inc., and Welsbach Electric Corp. separately appeal from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 30, 1988, as denied their motions for summary judgment dismissing the complaint and all cross claims as against them.

Ordered that the order is affirmed, with costs.

As a general rule, the decision as to whether to install a traffic control device is a discretionary governmental function which will not expose a municipality to liability *(see, Cimino v City of New York,* 54 AD2d 843, *affd* 43 NY2d 966; *see also, Weiss v Fote,* 7 NY2d 579). However, once the municipality has determined to have a traffic control device installed to remedy a dangerous condition, an unjustified delay in its installation may constitute a breach of the municipality's duty to keep its roadways in a reasonably safe condition *(see, Friedman v State of New York,* 67 NY2d 271, 286; *Marren v State of New York,* 142 AD2d 717, 720). In the instant action, there is no dispute that in February 1984 the City of New York ordered the installation of a traffic control signal at the intersection where the accident at issue occurred but that the installation of the signal did not occur until October 1984. The record contains sufficient proof to create a question of fact as

to whether the defendants Welsbach Electric Corp. and L.K. Comstock Company, Inc., with whom the City of New York had contracted to install the traffic control signal at the subject intersection, had unreasonably delayed the installation of the traffic control device *(see, Friedman v State of New York, supra)*. We, therefore, conclude that the Supreme Court properly denied the motions for summary judgment. Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.