■ JOSEPH IAGROSSI, Respondent, v SUZANNE GERBER, Defendant, and COUNTY OF NASSAU, Appellant. [613 NYS2d 249] — In an action to recover damages for personal injuries, the defendant County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated October 9, 1992, as denied its motion to dismiss the complaint insofar as it is asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed insofar as it is asserted against the defendant County of Nassau.

The plaintiff failed to serve a timely complaint in response to the notice of appearance and demand for a complaint of the defendant County of Nassau (hereinafter County). The complaint, when it was finally served, was more than two months late. The County rejected it as untimely and did not interpose an answer. The plaintiff then moved for a default judgment, and the County cross-moved to dismiss the complaint insofar as it is asserted against it. The Supreme Court denied both

motions. We disagree with regard to the County's cross motion.

The plaintiff's proffered excuse for untimely service of the complaint was that it had misplaced the County's notice of appearance and demand for a complaint. This excuse is legally insufficient *(see, Robinson v New York City Tr. Auth.,* 203 AD2d 351; *Egan v Federated Dept. Stores,* 108 AD2d 718; *compare, Scott v Allstate Ins. Co.,* 124 AD2d 481).

Moreover, the plaintiff failed to show that there is legal merit to his allegation that the County had negligently failed to install traffic control devices at the site of the accident. There is no evidence in the record of a causal connection between the County's alleged failure and the accident. Even assuming that there were such a causal connection, the decision whether or not to install traffic control devices is a discretionary governmental function, which would not result in liability on the part of the County *(see, Pizzi v City of New York,* 156 AD2d 438; *Cimino v City of New York,* 54 AD2d 843, *affd* 43 NY2d 966). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.