■ LAWRENCE TONETTI, Appellant, v PEEKSKILL COMMUNITY HOSPITAL, Respondent.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered April 17, 1987, which, upon granting the defendant's motion for judgment during trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The day after stepping on an allegedly rusty nail which punctured his foot, the plaintiff sought treatment at the defendant's emergency room. The attending physician gave the plaintiff a tetanus shot and applied antiseptic. After feeling a lessening of pain for a few weeks, the plaintiff became concerned over renewed pain and sought treatment from a private physician who performed surgery. The plaintiff commenced the instant action alleging that the defendant was negligent in failing to X ray or probe the wound, and this failure was the proximate cause of the plaintiff having to undergo surgery and suffer unnecessary pain and debilitation.

We find the court properly dismissed the complaint after the plaintiff rested at trial for failure to prove a prima facie case. In order to present a prima facie case of medical malpractice, a plaintiff must show, *inter alia,* that his or her injuries proximately resulted from the defendant's departure from the required standard of performance *(see, Derdiarian v Felix Constr. Corp.,* 51 NY2d 308; *Hylick v Halweil,* 112 AD2d 400). The plaintiff's expert witness testified that X rays and probing were proper procedures for the plaintiff's injury but admitted that the microscopic particles which created the need for surgery could not have been detected by either procedure. As such, even if the defendant's attending physician had been negligent in failing to perform these procedures, there was no showing that his actions proximately caused the plaintiff's injuries.

We further note that although other procedures were mentioned by the plaintiff's expert witness that may have detected or removed any microscopic particles, there was no testimony that the failure to perform them was a departure from standard medical practice, nor were these procedures mentioned in the plaintiff's complaint. As such, this testimony did not aid in presentation of a prima facie case *(see, Pike v Honsinger,* 155 NY 201, 209-210; *Hylick v Halweil, supra,* at 400). Thompson, J. P., Brown, Eiber and Harwood, JJ., concur.