■ James Nicolosi, Appellant, v Brookhaven Memorial Hospital, Defendant, and Abraham Cohen et al., Respondents.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered December 14, 1988, which, upon an order granting the respondents' motion to

dismiss the complaint insofar as asserted against them, made at the close of the plaintiff's case, is in favor of the respondents and against him.

Ordered that the judgment is affirmed, with costs.

The day after injuring his leg in a basketball game, the plaintiff sought treatment at the emergency room of Brookhaven Memorial Hospital. The attending physician misdiagnosed his injury as a fractured ankle and sent him home with an ace bandage and the phone number of an orthopedist. The following day the plaintiff contacted the orthopedist's office and made an appointment for that afternoon. The defendant Leon Finkelstein examined the plaintiff at his office and found that he had compartment syndrome, a condition requiring immediate surgery. The plaintiff was operated on that evening by the defendant Dr. Abraham Cohen, who was affiliated with Dr. Finkelstein. A second and third operation were later performed and the plaintiff left the hospital with "foot drop", a permanent disability.

During the trial, the plaintiff settled with the defendant hospital. At the close of the plaintiff's case the remaining defendants, Drs. Cohen and Finkelstein, moved to dismiss the complaint insofar as asserted against them for failure to prove a prima facie case. The motion was granted. The sole issue on appeal is whether the trial court properly dismissed the action against Drs. Finkelstein and Cohen individually. We conclude that it did.

In order to present a prima facie case of medical malpractice, a plaintiff must demonstrate, *inter alia,* that his or her injuries were proximately caused by the defendant's departure from the required standard of performance *(see, Tonetti v Peekskill Community Hosp.,* 148 AD2d 525). Viewing the evidence in the light most favorable to the plaintiff and resolving all questions of credibility in his favor as we must *(see, Gruntz v Deepdale Gen. Hosp.,* 163 AD2d 564), we find that there was insufficient evidence adduced at the close of plaintiff's case upon which a reasonable person might conclude that the departures from acceptable practice attested to by the plaintiff's expert, proximately caused the plaintiff's injuries.

Our review of the record indicates that any finding in the plaintiff's favor would be based upon sheer speculation *(cf., Schneider v Kings Highway Hosp. Center,* 67 NY2d 743). The logical inferences to be drawn from the testimony presented demonstrate that the plaintiff's injuries were the result of the

compartment syndrome, his failure to seek medical attention initially and the hospital's misdiagnosis of his condition. As such, the expert testimony did not aid in the presentation of a prima facie case against the respondents. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.