■ JERRY RICH, as Administrator of the Estate of JANET RICH, Deceased, Respondent, v DANILO A. DIOKNO et al., Defendants, and ROBERT TAYLOR, Appellant.—Crew III, J.

In 1983, Janet Rich (hereinafter decedent) was pregnant and was being seen for that condition by defendant Robert Taylor.

Taylor was a family practitioner whose medical practice included the management of pregnancies. However, in the event of complications during childbirth requiring a Caesarean section, Taylor would refer the patient to a surgeon qualified to perform such a procedure. On September 2, 1983, decedent was admitted to the hospital preparatory to delivery of her child. Decedent went into labor the following day and Taylor assisted her during the early stages thereof. Complications arose, however, and defendants Andrew Lefkovits and Danilo A. Diokno, a surgeon and anesthesiologist, respectively, were called in to perform a Caesarean section. Taylor was present during the surgery but did not participate therein. Shortly after completion of the Caesarean section, decedent died from aspiration of gastric contents in her stomach. Plaintiff, as administrator of decedent's estate, commenced this malpractice action against, among others, Taylor. After issue was joined and discovery completed, Taylor moved for summary judgment dismissing the complaint against him. The motion was denied and this appeal by Taylor ensued.

A review of the record reveals that on the evening of September 2, 1983, decedent ingested some crackers and iced tea. At the time that Taylor referred decedent to Lefkovits and Diokno, he did not apprise them of that fact or of the potential risks involved in performing surgery due to the presence of gastric contents. Plaintiff contends that factual issues exist as to whether Taylor was negligent in failing to communicate that information to Lefkovits and Diokno. It is true that where a referring physician fails to advise the treating physician of potential risks involved in rendering treatment to the patient, the referring physician may be liable to the patient for such omission (see, Kavanaugh v Nussbaum, 71 NY2d 535, 549). Taylor, however, contends that even if it were found that he was negligent in failing to advise Lefkovits and Diokno of the fact that decedent had ingested crackers and iced tea on the evening prior to the surgery and of the potential risks involved by reason thereof, such negligence was not the proximate cause of her death. We agree.

The record clearly reveals that a nurse informed Lefkovits of decedent's last oral intake prior to surgery. Additionally, Diokno took a history from decedent at which time he specifically inquired as to her last oral intake and reviewed her records containing a notation of the time and nature of her last oral intake. Moreover, both physicians were aware of the probability of gastric contents in decedent's stomach because of the known decreased intestinal motility of pregnant

women, and both were aware of the risks involved in performing surgery upon a patient with gastric contents in the stomach. Therefore, assuming that Taylor failed to disclose to the treating physicians the presence of gastric contents in decedent's stomach and that such failure constituted negligence, it is clear from the record before us that such negligence was not the proximate cause of decedent's death (see, *Tonetti v Peekskill Community Hosp.*, 148 AD2d 525). Accordingly, Supreme Court's order must be reversed and Taylor's motion for summary judgment granted.

Mikoll, J. P., Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Robert Taylor and complaint dismissed against said defendant.