■ HOWARD L. KUSHNER, by PHILIP KUSHNER, His Guardian ad Litem, Appellant-Respondent, v ABRAHAM D. MOLLIN, Respondent-Appellant, et al., Defendant.—In an action to recover damages for dental malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated December 12, 1989, as granted that branch of the motion of the defendant Abraham D. Mollin which was to set aside the verdict as to damages and for a new trial, unless the plaintiff agreed to reduction in damages from $240,00 to $175,000, and the defendant Abraham D. Mollin cross-appeals from so much of the order as denied that branch of his motion which was to set aside the verdict as to liability.

Ordered that the order is affirmed, without costs or disbursements, and the plaintiff's time to serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $175,000, and to the entry of a judgment accordingly, is extended until 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry.

The plaintiff, after being treated by the defendant, Dr. Abraham Mollin, an orthodontist, lost six upper teeth and currently wears a removable bridge. It was alleged that Dr. Mollin had allowed the braces he placed in the plaintiff's mouth to remain for an extended period of time, causing the plaintiff's upper jawbone to degenerate. The degeneration caused him to lose six teeth within one year after the braces were removed. It was also alleged that Dr. Mollin had failed to properly monitor the plaintiff's condition during the five years in which he treated him. The jury found in favor of the plaintiff on both issues and awarded him $40,000 for his past pain and suffering and $200,000 for his future pain and

suffering from the permanent effect of the injury. The plaintiff's expert testified that within five years from the time of trial, the plaintiff would lose the remainder of his upper teeth.

The trial court granted that branch of the defendant's motion which was to set aside the verdict as excessive and granted a new trial unless the plaintiff stipulated to a reduction of the damage award to $175,000, consisting of $40,000 for past pain and suffering and $135,000 to future pain and suffering from the permanent effects of the injury. We affirm.

Contrary to the defendant's contention, the verdict was supported by sufficient evidence. Viewing the evidence in the light most favorable to the plaintiff and resolving all questions of credibility in his favor (see, Nicolosi v Brookhaven Mem. Hosp., 168 AD2d 488; Gruntz v Deepdale Gen. Hosp., 163 AD2d 564), we find that there was ample evidence adduced at the trial from which a reasonable person could conclude that the departures from acceptable practice attested to by the plaintiff's expert proximately caused the plaintiff's injuries. Moreover, the verdict in the plaintiff's favor was not against the weight of the evidence.

However, our review of the record indicates that, in this particular case, the $200,000 award by the jury for the plaintiff's future pain and suffering did deviate materially from what would otherwise be reasonable compensation (see, CPLR 5501) and the court did not improvidently exercise its discretion in setting the verdict aside. We agree with the trial court that $135,000 would adequately compensate the plaintiff.

The defendant also contends that the trial court erroneously refused his request for a "missing witness" charge with respect to the plaintiff's brother, a dentist, who had treated him after he was last seen by Dr. Abraham D. Mollin. While an unfavorable inference may ordinarily arise where a doctor has examined the plaintiff and is not called to testify, where, as here, the testimony would not have constituted material evidence, the inference may not be drawn (see, Getlin v St. Vincent's Hosp. & Med. Center, 117 AD2d 707; Oswald v Heaney, 70 AD2d 653). Accordingly, the trial court properly refused to give the charge.

We have examined the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.