■ LINDA DUNLEAVY, Individually and as Administratrix of the Estate of PATRICK DUNLEAVY, Deceased, Appellant, v PAUL SAMUEL, Respondent.—In an action to recover damages for personal injuries and wrongful death, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Posner, J.), entered August 29, 1989, which, upon a jury verdict, is in favor of the defendant and against her.

Ordered that the judgment is affirmed, with costs.

The plaintiff contends that the jury verdict should be set aside as against the weight of the evidence. A jury verdict should not be set aside unless the jury could not have reached the verdict on any fair interpretation of the evidence *(Higbie Constr. v IPI Indus.,* 159 AD2d 558; *Nicastro v Park,* 113 AD2d 129, 134). Contrary to the plaintiff's contentions, the jury, upon a fair interpretation of the evidence, could have found that the defendant was unaware of the decedent's chest pains on December 29, 1984, and, therefore, had no reason to suspect that the decedent was suffering from a coronary insufficiency. "[W]hen a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation of the evidence, that finding should be sustained" *(Nicastro v Park, supra,* at 134).

We disagree with the plaintiff's claim that the trial court erred in refusing to grant a two-hour continuance to await the arrival of the funeral director who embalmed the decedent's body. The decision to grant a continuance is a matter generally resting with the sound discretion of the trial court *(see, Klein v New York Tel. Co.,* 155 AD2d 644). The proposed testimony of the funeral director was irrelevant and not essential to the plaintiff's case. Accordingly, the trial court's ruling cannot be deemed an improvident exercise of discretion *(see, Klein v New York Tel. Co., supra; Rodriguez v Pisa Caterers,* 146 AD2d 686; *Sutter v Nelson,* 126 AD2d 634).

We have examined the plaintiff's remaining contentions, including the challenges to the jury charge and the conduct of the Trial Judge, and find that they are without merit. Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.