■ MARY A. FLOWERS et al., Respondents-Appellants, v SOUTHAMPTON HOSPITAL, Defendant, and MARTIN J. VAN DYNE, Appellant-Respondent. [627 NYS2d 81] —In an action to recover damages for personal injuries, etc., arising from medical malpractice, (1) the defendant Martin J. Van Dyne appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered May 17, 1993, which, upon a jury verdict, is in favor of the plaintiffs and against him in the principal amount of $210,000, and (2) the plaintiffs cross-appeal from the same judgment on grounds of, *inter alia,* inadequacy.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the contention of the defendant doctor, there was sufficient evidence from which a jury could rationally conclude that he departed from good and accepted medical practice by failing to properly read a January 1987 mammogram and by failing to identify a suspicious lesion. These failures precluded the plaintiff Mary Flowers from opting for a lumpectomy with radiation therapy when the cancer was a stage one lesion, and required that she undergo a modified radical mastectomy in December 1987 because the cancer had progressed to a stage two lesion *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 495; *Dunleavy v Samuel,* 177 AD2d 540; *Nordhauser v New York City Health & Hosps. Corp.,* 176 AD2d 787; *Nicastro v Park,* 113 AD2d 129, 135; *see also, McMahon v Badia,* 195 AD2d 445; *compare, Bossio v Fiorillo,* 210 AD2d 836). To the extent that the expert medical testimony conflicted or was in dispute, the jury determined the weight to be accorded the testimony of each expert witness and could reasonably conclude that the defendant's departure from good and accepted medical practice was a substantial factor in producing the injury *(see, Forte v Weiner,* 200 AD2d 421; *Walsh v Staten Is. Obstetrics & Gynecology Assocs.,* 193 AD2d 672). We conclude that the verdict is amply supported by a fair interpretation of the evidence.

We find that the damage awards did not deviate materially from what would be reasonable compensation.

We have considered the parties' remaining contentions and find that they do not require reversal. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.