■ NARDA SILVERA, Appellant, v AGENT EXECUTIVE et al., Respondents. [640 NYS2d 779] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Schmidt, J.), entered March 10, 1995, which, upon a jury verdict in favor of the defendants, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant Robert R. Ryan, while driving a motor vehicle which was leased by his employer, the defendant Aegis Executive Protection Service of New York, and owned by the de-

fendant Agent Executive, swerved to avoid a child who unexpectedly ran across the roadway. In so doing, the defendant Ryan's vehicle, which was headed westbound on Hillside Avenue, collided with a vehicle driven by the plaintiff, which was headed eastbound. As a result of this accident, the plaintiff commenced an action against the defendants. After a trial to determine whether the defendant Ryan was negligent in the operation of his motor vehicle, a jury determined that he was not negligent and the complaint was dismissed.

On appeal, the plaintiff contends that the verdict should be set aside as a matter of law. The plaintiff asserts, *inter alia,* that the trial court committed reversible error by denying the plaintiff's request for a continuance to review the transcript of an eyewitness's deposition before cross examination and that the emergency doctrine was inapplicable.

To set aside a verdict as a matter of law, there must be a finding that there was no valid line of reasoning or permissible inferences which could possibly lead a rational person to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Nicastro v Park,* 113 AD2d 129, 132; *Cohen v Hallmark Cards,* 45 NY2d 493). Here, there was sufficient evidence in the record to support the conclusion reached by the jury that the defendant Ryan was not negligent.

The trial court providently exercised its discretion in denying the plaintiff's request for a continuance to review the transcript of the eyewitness's deposition before he began his cross examination. The deposition had been taken only a few days before the request was made. In addition, there was no prejudice to the plaintiff since, after cross examination, the plaintiff's counsel reviewed the deposition transcript and was given an opportunity to conduct further cross examination at that time. Upon concluding his cross examination, the plaintiff's counsel told the court that he had no further questions.

Based on the evidence before the jury, the trial court did not err in charging the emergency doctrine to the jury (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.