■ PRINCESS SIMMONS, Respondent, v EAST NASSAU MEDICAL GROUP, P. C., Appellant, et al., Defendants. [688 NYS2d 209] —In an action to recover damages for medical malpractice, the defendant East Nassau Medical Group, P. C., appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered November 5, 1997, which, upon a jury verdict finding it to be 25% at fault and finding that the plaintiff suffered damages in the total sum of $800,000 for past pain and suffering, is in favor of the plaintiff and against it in the principal sum of $200,000.

Ordered that the judgment is reversed, on the law and the

facts, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $800,000 to the sum of $450,000, and to the entry of an appropriate amended judgment in her favor in the principal sum of $112,500; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The defendant East Nassau Medical Group, P. C. (hereinafter the Group), contends that the testimony of the plaintiff's experts was speculative, and therefore, the verdict was not supported by legally sufficient evidence. To set aside a verdict there must be a finding that there was no valid line of reasoning or permissible inferences which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Silvera v Agent Executive,* 226 AD2d 361). We find that there was sufficient evidence adduced from which a reasonable person might conclude that the Group was negligent and that its negligence was a proximate cause of the plaintiff's injury (*see, Flowers v Southampton Hosp.,* 215 AD2d 723; *Gruntz v Deepdale Gen. Hosp.,* 163 AD2d 564). .

For several years the plaintiff complained of a lump in her left breast to her treating physicians at the Group. Her experts testified that mammographies are known to give false negative responses, and that when a complaint such as the plaintiff's is expressed, further evaluation is required to ascertain the presence of cancer. Further, the plaintiff's experts testified that based upon their personal professional experience and a review of the plaintiff's medical reports, such a failure to investigate represented a departure from accepted medical practice and substantially contributed to the metastasis of the cancer to the plaintiff's lymph nodes (*see, Romano v Stanley,* 90 NY2d 444; *Overeem v Neuhoff,* 254 AD2d 398).

The Group also contends that the verdict was against the weight of the evidence in that it was inconsistent. However, the Group's failure to raise this objection to the verdict until after the jury was discharged renders its argument unpreserved for appellate review (*see, Barry v Manglass,* 55 NY2d 803; *Strauss v Huber,* 161 AD2d 629). In any event, the jury findings that the Group's failure to investigate a lump in the plaintiff's breast in 1991 was a departure from accepted medi-

cal practice, but that, among other things, a subsequent failure to investigate was not such a departure, was not logically inconsistent. Moreover, the verdict was not against the weight of the evidence, as it was supported by a fair interpretation of the evidence that the Group's physicians were negligent and that such negligence was a substantial factor in causing the metastasis of the cancer to the plaintiff's lymph nodes (*see, Strauss v Huber, supra,* at 630; *Nicastro v Park,* 113 AD2d 129).

The Group's remaining contentions are without merit.

The award for damages deviates materially from what would be reasonable compensation to the extent indicated (*see,* CPLR 5501 [c]). Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.