■ GINA MANDROUKAKIS, an Infant, by Her Mother and Natural Guardian, ARLENE MANDROUKAKIS, Respondent, v COUNTY OF WESTCHESTER et al., Appellants, et al., Defendants. [707 NYS2d 910] —In an action to recover damages for medical malpractice, the defendants Richard Stivala and Lung-Ming Wei appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered December 9, 1998, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $7,500,000 ($2,500,000 for past pain and suffering, $3,000,000 for future pain and suffering, and $2,000,000 for lost earnings).

Ordered that the judgment is reversed, on the law and the facts, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, Arlene Mandroukakis shall serve and file in the office of the clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $2,500,000 to the sum of $750,000, for future pain and suffering from the sum of $3,000,000 to the sum of $1,500,000, and for lost earnings from the sum of $2,000,000 to the sum of $750,000, and to the entry of an amended judgment in favor of the plaintiff in the principal sum of $3,000,000; in the event that Arlene Mandroukakis so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The jury verdict is rational (*see, Simmons v East Nassau Med. Group,* 260 AD2d 463, 464), and is based on a fair interpretation of the evidence (*see, Kiker v Nassau County,* 175 AD2d 99, 101).

However, in evaluating whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Contorino v Florida Ob/Gyn Assn.,* 259 AD2d 460; *Chazon v Parkway Med. Group,* 168 AD2d 660). The damages awarded are excessive to the extent indicated. Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur. [*See,* 276 AD2d 533.]