■ GINA MANDROUKAKIS, an Infant, by Her Mother and Natural Guardian, ARLENE MANDROUKAKIS, Respondent, v COUNTY OF WESTCHESTER, et al., Appellants, et al., Defendants. [718 NYS2d 855] —Motion by the respondents for resettlement of a decision and order of this Court, dated May 8, 2000, which determined an appeal from a judgment of the Supreme Court, Westchester County, entered December 9, 1998. Cross motion by the appellants, inter alia, to declare that the respondents

have forfeited any right to postverdict interest during the pendency of their motion.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, it is

Ordered that the motion and cross motion are denied; and it is further,

Ordered that on the Court's own motion, the decision and order of this Court dated May 8, 2000 [272 AD2d 383] in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for medical malpractice, the defendants Richard Stivala and Lung-Ming Wei appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered December 9, 1998, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $7,500,000 ($2,500,000 for past pain and suffering, $3,000,000 for future pain and suffering, and $2,000,000 for lost earnings). Presiding Justice Mangano has been substituted for former Justice Joy (*see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is reversed, on the law and the facts, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, Arlene Mandroukakis shall serve and file in the office of the clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $2,500,000 to the sum of $750,000, for future pain and suffering from the sum of $3,000,000 to the sum of $1,500,000, and for lost earnings from the sum of $2,000,000 to the sum of $750,000, and to the entry of an amended judgment accordingly; in the event that Arlene Mandroukakis so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The jury verdict is rational (*see, Simmons v East Nassau Med. Group,* 260 AD2d 463, 464), and is based on a fair interpretation of the evidence (*see, Kiker v Nassau County,* 175 AD2d 99, 101).

However, in evaluating whether an assessment of damages is excessive, this Court must determine whether it deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Contorino v Florida Ob/Gyn Assn.,* 259 AD2d 460; *Chazon v Parkway Med. Group,* 168 AD2d 660). The damages awarded are excessive to the extent indicated. Mangano, P. J., Ritter, Goldstein and H. Miller, JJ., concur. [*See,* 272 AD2d 383.]