■ NIDA BRITEZ, Appellant, v NATIONAL CAR RENTAL et al., Respondents. — In an action, *inter alia,* to recover damages for pain and suffering and lost wages under the provisions of the Comprehensive Automobile Insurance Reparations Act (Insurance Law former § 670 *et seq.*), plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), entered January 23, 1984, as, after a trial on the issue of damages only, denied her compensation for lost earnings and diminished future earning capacity.

Judgment affirmed, insofar as appealed from, with costs.

Plaintiff sustained a concussion when the automobile in which she was a passenger was struck from behind by a vehicle operated by defendant Russell Genna and owned by defendant National Car Rental. While she was being treated for the concussion, a benign brain tumor was discovered and removed approximately one month after the accident. Liability was conceded, and, after a trial on the issue of damages only, the Trial Judge submitted the case to the jury, posing a number of interrogatories for its consideration. The jury was asked whether it found a permanent loss of the use of a body function or system. It answered "Yes". The jury also found that the plaintiff had suffered a significant limitation of the use of a body function or system. Further, the jury determined that plaintiff had sustained "[a] medically determined injury or impairment of a nonpermanent nature which prevents the injured person from performing substantially all the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment".

The jury, in answer to interrogatories requiring an assessment of damages, awarded plaintiff $50,000 for pain and suffering but denied recovery for lost earnings and diminished future earning capacity.

After the verdict was returned, and the jury polled, the Trial Judge asked the parties if they had any motions. Counsel for

plaintiff stated, "[a]t this time, your Honor, the plaintiff moves to set aside the verdict *on the ground of inadequacy*" (emphasis added). The court denied the motion. No objection was made prior to the disbanding of the jury with respect to any alleged inconsistency in the answers to the interrogatories.

On appeal, plaintiff requests a new trial on the issue of lost earnings based upon an alleged inconsistency in the jury's answers to the interrogatories posed (CPLR 4111 [c]). CPLR 4111 provides that if a jury's answers to the interrogatories are consistent with one another, but one or more is in conflict with the general verdict, the court has discretion to order a new trial or require the jury to reconsider or to enter judgment according to the answers. But if the answers are inconsistent with one another and one or more conflicts with a general verdict, the court's alternatives are limited to ordering reconsideration or a new trial (*see, Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 40).

In the instant case, plaintiff was afforded the opportunity to raise objections to the jury's answers but failed to do so until after the jury was disbanded. Plaintiff, therefore, "must be deemed to have waived its objections by failing to press them when it would have been possible to prevent or correct the 'error' " (*Marine Midland Bank v Russo Produce Co., supra,* at p 41).

In any event, under the charge as given, the verdict is not inconsistent or against the weight of the evidence. Mangano, J. P., Gibbons, Neihoff and Lawrence, JJ., concur.