(April 21, 1986)

■ ANGELO ALAMIA, as Administrator of the Estate of AN-THONY ALAMIA, Deceased, et al., Respondents, v MEDICAL CENTER OF BROOKLYN, INC., Also Known as BROOKLYN LONG-

SHOREMEN'S MEDICAL CENTER et al., Appellants.—In an action to recover damages for conscious pain and suffering and wrongful death based upon medical malpractice, the defendant Medical Center of Brooklyn, Inc., also known as Brooklyn Longshoremen's Medical Center, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Scholnick, J.), dated June 29, 1984, as, upon a jury verdict, (1) is in favor of the plaintiffs and against it in the principal sum of $500,000 on their cause of action sounding in wrongful death, (2) is in favor of the plaintiffs and against it in the principal sum of $500,000 on their cause of action to recover damages for conscious pain and suffering, and (3) is in favor of the plaintiff Rose Alamia and against it in the principal sum of $30,000 on her derivative claim, and the defendant Victory Memorial Hospital appeals, as limited by its brief, from so much of the same judgment as is in favor of the plaintiffs and against it in the principal sum of $500,000 on their cause of action sounding in wrongful death.

Judgment affirmed insofar as appealed from, with one bill of costs.

The defendant Medical Center of Brooklyn, Inc. argues that a new trial is necessary because the jury's answer to an interrogatory which found both the defendants jointly liable for the deceased's wrongful death was inconsistent with an answer to another interrogatory finding that it alone was liable to the plaintiffs for the deceased's conscious pain and suffering. We find, however, that the defendant Medical Center of Brooklyn, Inc. waived its objections to the verdict in the instant case by failing to call the alleged inconsistency to the trial court's attention at any time when corrective action might have been taken, i.e., before the jury was discharged *(see, Barry v Manglass,* 55 NY2d 803, 806; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 41; *Britez v National Car Rental,* 111 AD2d 205, 206). Had it raised the issue at the appropriate time, the alleged inconsistency might have been cured, for example, by resubmission to the jury. Instead, this issue was not raised until the defendant Medical Center of Brooklyn, Inc.'s posttrial motion, long after the time for any possible cure had passed. It cannot now serve as a predicate for reversal *(see, Barry v Manglass, supra).*

We also reject the argument of the defendant Victory Memorial Hospital that a new trial should be granted on the issue of damages for wrongful death. We find no indication that the evidence was improperly evaluated by the jury in

reaching its verdict, nor can it be said, on the facts of this case, that the award was excessive.

We have considered the defendants' other contentions and have found them to be without merit. Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.