■ JOAN E. STRAUSS et al., Appellants, v CAROLYN L. HUBER et al., Defendants, and COUNTY OF WESTCHESTER, Respondent and Third-Party Plaintiff, et al., Third-Party Defendant.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered October 26,

1988, which, upon a special jury verdict finding, *inter alia,* that the plaintiff Joan E. Strauss was negligent and that her negligence was a proximate cause of the accident, found that she was 100% at fault in the happening of the accident, and found her to be solely responsible for the payment of a $75,000 settlement to Lisa Strauss.

Ordered that the judgment is affirmed, with costs to the respondent payable by the appellants.

The plaintiffs Joan E. Strauss and Ralph Strauss argue that a new trial is warranted because the jury's findings were inconsistent. We disagree.

Objections to a verdict on the ground of inconsistency must be raised before the jury is discharged, at which time corrective action may be taken by resubmitting the matter to the jury *(see, Barry v Manglass,* 55 NY2d 803, 806; *Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31; *Alamia v Medical Center,* 119 AD2d 711; *Britez v National Car Rental,* 111 AD2d 205). Because the claim of inconsistency was not raised in the instant case until after the jury was discharged, the plaintiffs must be deemed to have waived this objection.

We also find that the jury's findings were not against the weight of the evidence, as they were supported by a fair interpretation of the evidence *(Sheps v Hall & Co.,* 112 AD2d 281, 283; *see also, Baum v Fox Chrysler, Plymouth, Dodge,* 132 AD2d 788; *Nicastro v Park,* 113 AD2d 129; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431). Kunzeman, J. P., Rubin, Eiber and Miller, JJ., concur.