■ LEONARD FRANK et al., Appellants, v CITY OF NEW YORK,

Respondent, et al., Defendants. (And Two Third-Party Actions.)—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about January 19, 1990, granting the motion of defendant City of New York for summary judgment dismissing the complaint and the cross claims asserted against it, unanimously affirmed, without costs or disbursements.

Plaintiff, an employee of third-party defendant Lord Electric Company, was assigned to lay drag lines through existing piping for the future installation of traffic cables near the intersection of Baxter and Grand Streets in Manhattan. Before descending into the street manhole owned by defendant Empire City Subway Co. Ltd., a subsidiary of New York Telephone Co., plaintiff parked his van, which had an ongoing flashing light, 15 feet west of the manhole. He then placed a "U"-shaped yellow gate around the manhole some two feet away and half a dozen brightly covered cones on both sides of the manhole extending from the "U" side to the front of the van. Plaintiff also placed two additional cones with flags in the two-foot space between the base of the manhole and the "U". As if these precautions were not enough, plaintiff connected the van, the cone and the gate with a bright red safety tape. Despite these safety precautions, plaintiff was struck by an unidentified hit-and-run vehicle as he was standing on a ladder near the edge of the manhole cover at 10:15 A.M. Plaintiff thereafter commenced this personal injury action against the City of New York and several others asserting, *inter alia,* that the city should be held liable in negligence for failing to close off the one-way traffic of Baxter Street or for failing to post a "people working" sign or other traffic device at the intersection.

Even if it were to be assumed that the city owed a duty to plaintiff and somehow acted improperly, plaintiff still bears the burden of demonstrating that the city's failure to close or curtail the flow of traffic or post warning signs was a substantial cause of the events which produced his injuries. *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829.) The instant record reveals that an unknown hit-and-run driver was solely responsible for causing the accident. *(See, Cimino v City of New York,* 54 AD2d 843, 844, *affd on App Div mem* 43 NY2d 966.) The city was in no position to prevent the accident. Even if the city had posted a work sign or placed a traffic light at the subject intersection, the only possible way it could be found liable would be if the jury were permitted to speculate that a traffic sign device would have

caused the driver to stop. In view of the elaborate safety measures undertaken by plaintiff, which were ultimately ignored by the hit-and-run driver, it is clear that the city is not liable and summary judgment was properly granted. *(See, Price v Town of Canandaigua,* 142 AD2d 974, 976.) Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.