■ Michael Barone, Appellant, v City of Mount Vernon et al., Respondents.—In an action to recover damages based on malicious prosecution and a violation of the plaintiff's Federal constitutional rights (42 USC § 1983), the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), dated November 7, 1988, which, after a jury trial on the issue of liability, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with one bill of costs.

In connection with the plaintiff's first cause of action, based on the tort of malicious prosecution, the trial court charged the jury that, in order to prevail, the plaintiff would have to prove not only that the prosecution against him was initiated without probable cause, but also that it was initiated by the defendants "maliciously". The court defined the latter term by stating that "a prosecution is initiated maliciously if it is initiated for a purpose other than bringing a defendant to justice, or out of ill-will".

With respect to this cause of action, the court also instructed the jurors that if they found that the defendant's arrest was not based on probable cause, they could infer from such finding alone that the prosecution was, in fact, initiated "maliciously". The court advised the jury that such an inference, although permitted, was not required.

The itemized verdict subsequently rendered by the jury indicates that they did find that the arrest of the defendant was not based on probable cause, but that they declined to avail themselves of the permissive inference of finding malice.

As to the plaintiff's second cause of action, based on 42 USC § 1983, the trial court charged the jury that, in order to prevail, the plaintiff would have to prove, among other things, that the defendants, by engaging in reckless or intentional conduct, "caused the plaintiff to suffer the loss of a federal right". In defining for the jury precisely what "rights" were secured to the plaintiff by Federal law, the trial court specified the "right of equal protection" and the right of "due process", the latter being defined as a guarantee "that everything that is accomplished with regard to a given person will be accomplished in a legal fashion". The jury was thus, in effect, instructed that a Federal civil rights violation (42 USC § 1983) occurs only when the defendant is shown to have acted illegally. There was, however, no elaboration upon just what must be proved in order to justify the conclusion that the defendants did not act "in a legal fashion" so as to have

violated the plaintiff's right to due process, as defined in the trial court's charge.

In its verdict, the jury found that neither of the individual defendants deprived the plaintiff of any constitutional right. In light of this finding, the jury did not address the question as to whether the defendants were qualifiedly immune. The plaintiff has now appealed from the judgment entered upon this jury verdict. We affirm.

The plaintiff's first argument is that a violation of 42 USC § 1983 necessarily occurs whenever an arrest is made without probable cause, so that the jury's verdict on the first cause of action (that there was no probable cause for plaintiff's arrest) is inconsistent with its verdict on the second cause of action (that there was no violation of 42 USC § 1983). We need not decide the validity of this contention because our examination of the record reveals that the plaintiff's attorney failed to object to the verdict on the grounds of inconsistency prior to the discharge of the jury (see, Barry v Manglass, 55 NY2d 803, 806; Marine Midland Bank v Russo Produce Corp., 50 NY2d 31; Strauss v Huber, 161 AD2d 629). Even if it were necessary to decide this issue, we would conclude that the jury's verdict was not necessarily inconsistent, in light of the law as it was defined to the jury by the trial court (see, e.g., Up-Front Indus. v U. S. Indus., 63 NY2d 1004; Harris v Armstrong, 97 AD2d 947, affd 64 NY2d 700 [the court's charge, if not objected to, defines the applicable law]).

The trial court charged the jury that some independent violation of the Federal Constitution must occur in order for there to be a violation of 42 USC § 1983. The trial court did not charge that a warrantless arrest by police officers is in fact illegal, or that such an arrest violates the Due Process Clause of the Federal Constitution, solely because it was not supported by probable cause. In light of the court's charge, the jury was entirely justified in concluding, as they apparently did, that a warrantless arrest, carried out in good faith (i.e., not maliciously), albeit without probable cause, does not constitute an illegal or unconstitutional act capable of serving as the predicate for a Federal civil rights claim (42 USC § 1983). In light of the court's charge, therefore, the verdict was not inconsistent; it was, in fact, fully supported by the weight of the evidence (see, e.g., Nicastro v Park, 113 AD2d 129).

It should also be noted, as a matter of substantive law, that not every illegal arrest results in potential liability pursuant to 42 USC § 1983. In Anderson v Creighton (483 US 635, 641),

the Supreme Court stated, "[w]e have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly believe that probable cause is present, and we have indicated that in such cases those officials * * * should not be held personally liable" *(Anderson v Creighton, supra,* at 641, citing *Malley v Briggs,* 475 US 335, 344-345; *see also, Hughes v Meyer,* 880 F2d 967, 970, *cert denied sub nom. Hughes v Buss,* — US —, 110 S Ct 2172; *Wood v Ostrander,* 879 F2d 583, 591, *cert denied* — US —, 111 S Ct 341). Although the jury did not have to reach the question of whether the individual defendants herein were immune from liability for having violated the plaintiff's constitutional rights (since the jury found that no such violation occurred), we believe that it is appropriate to note that, in our view, the weight of the evidence establishes the defendants were entitled to such immunity.

The plaintiff's second contention is that the trial court erred in refusing to allow a proposed expert to testify as to "generally accepted police procedures". At trial, the plaintiff's attorney proposed to elicit from this proposed expert his opinion as to whether probable cause existed at the time of the plaintiff's arrest.

We need not address the questions relating to the admissibility of such testimony in general, because it is clear that in light of the jury's verdict, any error in this respect was harmless. As noted above, the jury agreed with the plaintiff's position that his arrest was not supported by probable cause. The jury's verdict in favor of the defendants was based on its finding that the arrest was not motivated by "ill will", or by some other ulterior circumstance. In other words, the dispositive issue for the jury in this case was whether the defendants acted maliciously, and this was not the issue upon which the plaintiff's expert was to testify, nor is it the sort of issue upon which expert testimony is needed. Any error committed by the court in this regard was therefore harmless in light of the jury's ultimate determination.

We have examined the plaintiff's remaining contention and find it to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.