■ SYDDIE POWELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Gloria Aronin, J.), entered February 20, 1990, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $300,000.

Ordered that the judgment is reversed, on the law, and a new trial on the issue of damages is granted, with costs to abide the event.

On May 3, 1984, the plaintiff, who was 52 years old, allegedly sustained injuries to his neck, back, and left shoulder when the bus in which he was riding collided with another bus. Both buses were operated and owned by the defendant New York City Transit Authority. The defendants conceded liability and the only issues at trial were whether the accident caused a "serious injury" as defined in Insurance Law § 5104 (a) and the extent of the damages.

The plaintiff claimed at trial that the accident left him "permanently disabled", and that since the accident he has not worked at his position as a field rating representative and building inspector with an insurance company, a job which required much climbing and walking. He testified that "the pain is constant [and] worsens whenever I get active, walking, anything". The pain was said to preclude or limit him from participating in the many activities he loved to do prior to the accident, including fishing, boating, housework, carpentry, painting, plumbing, masonry, electronics, traveling, and going to parties. In addition, the plaintiff's treating physician testified that the plaintiff would not be able to do any sedentary work where he would have to make extensive use of his arms or continually bend his neck. On the other hand, the defendants' experts denied that the plaintiff suffered any serious

injuries and that he was physically unable to work. They testified that the plaintiff's injuries were attributable to degenerative conditions related to aging, rather than trauma.

The jury awarded the plaintiff only $3,350 for his injuries and past pain and suffering, including loss of enjoyment of life, and nothing whatever for future pain and suffering. Nevertheless, the jury awarded the plaintiff $141,250 for loss of earnings up to the date of the verdict. Based upon evidence that the plaintiff's future work expectancy was 4.9 years, the jury awarded the plaintiff $149,500 for loss of future earnings. On appeal, the defendants argue that the verdict is inconsistent. We agree.

We find no merit to the plaintiff's contention that the claim of inconsistency is unpreserved for appellate review. Immediately after the jury's verdict was announced, there was an off-the-record conference, after which the jury was polled and discharged. Thereafter, the defendants moved to set aside the verdict on the ground of inconsistency. During the subsequent argument, the trial court rejected the plaintiff's claim that the motion was untimely. The court specifically recalled that the issue of inconsistency was raised in a timely manner during the sidebar conference and at that time the court informed counsel that it was not going to hold the jury. Thus, the issue was preserved for appellate review (see, Barry v Manglass, 55 NY2d 803, 806; Alamia v Medical Ctr., 119 AD2d 711).

The Supreme Court found that the verdict was consistent. We disagree. In awarding the plaintiff a nominal amount for past pain and suffering and nothing for future pain and suffering, the jury must necessarily have rejected his contention that he sustained disabling injuries and pain and suffering that prevented or limited him from participating in the daily activities which he enjoyed before the accident. It is inexplicable that the jury could simultaneously find that the plaintiff's injuries and pain were so severe that they completely prevented him from working. Thus, the jury's award for past and future pain and suffering cannot be reconciled with its award of $290,750 for loss of earnings. Accordingly, a new trial is required (see, Fitzgibbons v New York State Univ. Constr. Fund, 177 AD2d 1033; Carefree Bldg. Prods. v Belina, 169 AD2d 956). Thompson, J. P., Sullivan, Balletta and Lawrence, JJ., concur.