■ ANTHONY AURILIA, JR., Respondent, v SALVATORE GRECO et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendants Salvatore Greco and Carmela Leasing Corp. appeal from a judgment of the Supreme Court, Kings County (Spodek, J.), entered July 20, 1990, which is in favor of the plaintiff and against them in the principal sum of $90,000 ($130,000 less

40% attributable to the jury's apportionment of the fault to the plaintiff).

Ordered that the judgment is affirmed, with costs.

The defendants contend that the jury's verdict awarding the plaintiff $130,000 for future pain and suffering was inconsistent with its finding that the plaintiff's injuries were of a nonpermanent nature and did not result in a significant limitation of the use of a bodily function. It is well-settled that objections to a verdict on the ground of inconsistency must be raised before the jury is discharged, at which time corrective action may be taken by resubmitting the matter to the jury *(see, Barry v Manglass,* 55 NY2d 803, 806; *Marine Midland Bank v Russo Produce Corp.,* 50 NY2d 31; *Barone v City of Mount Vernon,* 170 AD2d 557, 558; *Strauss v Huber,* 161 AD2d 629, 630). Because the claim of inconsistency was not raised in the instant case until after the jury was discharged, the issue is not properly before this Court *(see, Barry v Manglass, supra; Barone v City of Mount Vernon, supra; Strauss v Huber, supra).*

The defendants also contend that the jury's award of $130,000 for future pain and suffering is excessive. The standard to be applied is whether the award "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). We find that the award is not excessive. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.