■ MARYANN CLEMENTS et al., Appellants, v THEODORE W. LINDSEY et al., Respondents. [655 NYS2d 987] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered March 15, 1996, which, upon a jury verdict in favor of the defendants and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly declined to issue a "missing witness" charge *(see,* PJI 1:75) notwithstanding the defendants' failure to present the testimony of a doctor who examined the plaintiff driver on behalf of the defense. The testimony of the uncalled witness would have been "merely cumulative" *(Wilson v Bodian,* 130 AD2d 221, 234; *Chandler v Flynn,* 111 AD2d 300, 301; *see also, DeFreese v Grau,* 192 AD2d 1019; *Levande v Dines,* 153 AD2d 671).

The plaintiffs' contention that the jury verdict was inconsistent is not preserved for appellate review *(see, Grassi v Kamalian,* 226 AD2d 344; *Barry v Manglass,* 55 NY2d 803; *Strauss v*

*Huber,* 161 AD2d 629). In any event, the jury verdict finding that the defendant driver was negligent but that his negligence was not a proximate cause of the accident was not inconsistent with the evidence elicited at trial *(see, Gaston v Viclo Realty Co.,* 215 AD2d 174; *Faustin v Aquatero,* 201 AD2d 453; *Barone v City of Mount Vernon,* 170 AD2d 557). In addition, the verdict was not against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129; *see also, Pomaro v McKeon,* 228 AD2d 572; *Moskowitz v Israel,* 209 AD2d 676; *Patti v Fenimore,* 181 AD2d 869; CPLR 4404). Rosenblatt, J. P., Thompson, Altman and Luciano, JJ., concur.