■ HELEN E. FENECK, Appellant, v FIRST UNION REAL ESTATE EQUITY AND MORTGAGE INVESTMENTS, Respondent. (Appeal No. 1.) [698 NYS2d 206] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Negligence.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ HELEN E. FENECK, Respondent, v FIRST UNION REAL ESTATE EQUITY AND MORTGAGE INVESTMENTS et al., Respondents-Appellants. (Appeal No. 2.) [697 NYS2d 442] —Amended judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on damages for past pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $35,000, in which event the amended judgment is modified accordingly and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff fractured her elbow when she tripped and fell while entering a shopping mall owned by defendants. Plaintiff commenced this action alleging that an uneven doorway surface caused her to fall and that defendants were negligent in maintaining the property. A jury found in favor of plaintiff and awarded her $8,465.24 for past medical expenses, $11,534.76 for past pain and suffering, and nothing for future pain and suffering. Plaintiff appeals from the amended judgment. Defendants cross-appeal from the judgment that was subsequently amended. In the exercise of our discretion, we treat the notice of cross appeal as taken from the amended judgment (see, Heil v Grinding & Mfg. Co. v Glasgow, Inc., 212 AD2d 1026).

Supreme Court properly denied plaintiff's request for a missing witness charge with respect to the physician who examined plaintiff at the request of defendants. The testimony of that physician would have constituted cumulative evidence (see, Gardiner v Wertheimer, 256 AD2d 381; Clements v Lindsey, 237 AD2d 557, lv denied 90 NY2d 805; cf., Jordan v Donat, 255 AD2d 242, 243). The court also properly denied defendants' request for a missing witness charge with respect to plaintiff's primary care physician. That physician did not examine or treat plaintiff for her fractured elbow and thus could not provide testimony regarding a material issue in the case (see,

*Coningsby v Marabell* [appeal No. 2], 214 AD2d 949, *lv denied* 86 NY2d 703; *Colezetti v Pircio,* 214 AD2d 926, 927; *Kushner v Mollin,* 181 AD2d 866, 867).

The court properly denied defendants' motion for a directed verdict, refusing to determine that the alleged defect on defendants' property was trivial as a matter of law. In view of the facts and circumstances of this case, "including the width, depth, elevation, irregularity and appearance of the defect along with the 'time, place and circumstance' of the injury (*Caldwell v Village of Is. Park,* 304 NY 268, 274)" (*Trincere v County of Suffolk,* 90 NY2d 976, 977), we conclude that the court properly determined that there was an issue of fact whether a dangerous or defective condition existed on the property.

Defendants failed to preserve for our review their contention that the court erred in allowing plaintiff to question a witness regarding post-accident repairs. We reject the further contention of defendants that the verdict finding plaintiff not at fault for the accident is against the weight of the evidence (*see generally, Cohen v Hallmark Cards,* 45 NY2d 493, 499).

We agree with plaintiff that the award of damages for past pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Boinoff v Riverbay Corp.,* 245 AD2d 4). The 76-year-old plaintiff sustained a fractured elbow that required surgery and six pins to hold it together. The pins were later removed because they were causing pain. Plaintiff remained in the hospital for six days after the surgery and needed assistance from her family for six weeks while her arm was in a cast. We conclude, however, that the failure to award damages for future pain and suffering is supported by a fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Giladov v Kurzweil,* 220 AD2d 481, *lv denied* 87 NY2d 807). At the time of trial, plaintiff was not seeking medical treatment for her elbow, nor was she taking any pain medication. In addition, she had only a slight limitation of use of her elbow and was able to cook her own meals, go shopping and drive her car.

We modify the amended judgment therefore by vacating the award of damages for past pain and suffering, and we grant a new trial on damages for past pain and suffering only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $35,000, in which event the amended judgment is modified accordingly. (Appeals from Amended Judgment of Supreme Court, Cayuga County,

Contiguglia, J.—Negligence.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.