■ JOAN A. CERNIGLIA et al., Appellants-Respondents, v JOYCE M. WISNIEWSKI, Respondent-Appellant. [699 NYS2d 758] —Crew III, J. P. Appeals (1) from a judgment of the Supreme Court (Kramer, J.), entered June 29, 1998 in Schenectady County, upon a verdict rendered in favor of plaintiffs, and (2) from that part of an order of said court, entered October 8, 1998 in Schenectady County, which denied defendant's motion to, *inter alia,* set aside the verdict.

Plaintiff Joan A. Cerniglia (hereinafter Cerniglia) and her spouse, derivatively, commenced this action to recover damages for injuries allegedly sustained by Cerniglia in a December 11, 1993 automobile accident. Following a jury trial, the jury returned a verdict in favor of Cerniglia finding that she had sustained a significant limitation of her neck and awarding her damages for loss of income in the amount of $1,600. The jury made no award for past or future pain and suffering and no award to Cerniglia's husband for loss of services. Both plaintiffs and defendant appeal.

Initially, we find no merit in plaintiffs' contention that they are entitled to a new trial by reason of the jury's finding that

Cerniglia did not sustain a permanent loss of use of her neck, a permanent consequential limitation of her neck or a nonpermanent injury that prevented plaintiff from engaging in her usual and customary daily activities for the statutory period of time. Simply stated, plaintiffs are not aggrieved by the jury's findings. Once the jury determined that Cerniglia sustained an injury within any of the categories set forth in Insurance Law § 5102 (d), the no-fault threshold was satisfied and she was entitled to recover any damages proximately caused by the accident (see, Kelley v Balasco, 226 AD2d 880).

Next, plaintiffs contend that Supreme Court erred in failing to set aside the verdict for failure of the jury to award damages for past and future pain and suffering. To the extent that plaintiffs contend that the failure to make such awards is inconsistent with a finding that Cerniglia suffered a significant limitation of her neck, we note only that plaintiffs failed to raise such inconsistencies before the jury was discharged, thus depriving Supreme Court and the jury of the opportunity to take corrective action. Accordingly, plaintiffs' argument, having not been preserved, is not properly before us (see, e.g., Preston v Young, 239 AD2d 729, 732; Aurilia v Greco, 186 AD2d 773, 774).

We do, however, find merit to plaintiffs' claim that the jury's award of $1,600 as compensation for lost wages is contrary to the parties' stipulation. Prior to the case being submitted to the jury, Supreme Court asked counsel if they had agreed to the sum of $5,040 as Cerniglia's lost earnings, to which counsel for defendant responded, "Yes, your Honor, that's agreed. That's the agreed number assuming the jury finds that she was seriously injured and meets the threshold." Accordingly, the judgment must be modified by awarding Cerniglia $3,815.60 ($5,040 less collateral source payments of $1,224.40) in lost wages.

Finally, we reject defendant's contention that the jury's finding of a significant limitation of Cerniglia's neck was against the weight of the evidence. It is axiomatic that where a factual dispute exists in the testimony, a jury is entitled to credit one side's evidence over another's and the resultant verdict will not be set aside unless the evidence preponderates so heavily to the contrary that such verdict could not have been reached upon any fair interpretation of the evidence, which is not the case here (see, e.g., Keegan v Prout, 215 AD2d 629).

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded plaintiffs $1,600 in lost

wages; plaintiffs are awarded the sum of $3,815.60 in lost wages; and, as so modified, affirmed. Ordered that the order is affirmed, without costs.