■ Don J. Peters, Appellant, v City of New York et al., Defendants, and New York City Health and Hospitals Corporation, Respondent. (Action No. 1.) Carlene Cowan, Appellant, v City of New York et al., Defendants, and New York City Health and Hospitals Corporation, Respondent. (Action No. 2.) [823 NYS2d 113]—

In related actions to recover damages for personal injuries, the plaintiff in action No. 1 appeals, and the plaintiff in action No. 2 separately appeals, as limited by their respective notices of appeal and briefs, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated November 23, 2004, as granted the cross motion of the defendant New York City Health and Hospitals Corporation for summary judgment dismissing their respective complaints insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

"Evidence of negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint" (*Sheehan v City of New York,* 40 NY2d 496, 501 [1976]). Thus, the Supreme Court correctly granted the cross motion of the defendant New York City Health and Hospitals Corporation (hereinafter HHC) for summary judgment dismissing the complaints insofar as asserted against it on the ground that any alleged negligence on the part of HHC's Emergency Medical Service workers in failing properly to secure the area of the initial motor vehicle accident was not a proximate cause of the second accident, but merely furnished the condition or occasion for its occurrence (*see Saviano v City of New York,* 5 AD3d 581, 582 [2004]; *Whitehead v Reithoffer Shows,* 304 AD2d 754, 755 [2003]; *Ely v Pierce,* 302 AD2d 489 [2003]; *Frank v City of New York,* 163 AD2d 254, 255-256 [1990]; *cf. Dunlap v City of New York,* 186 AD2d 782, 783 [1992]).

In light of the foregoing, we do not reach the parties' remaining contentions. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.