■ PATRICK GILBERT, Appellant, v KINGSBROOK JEWISH CENTER et al., Respondents. [829 NYS2d 686]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings

County (Martin, J.), dated June 13, 2000, which denied his motion pursuant to CPLR 3126 to strike the answer of the defendant Serge Elevator Co., Inc., and (2) an order of the same court dated July 29, 2005, which, upon a jury verdict on the issue of liability finding the defendant Kingsbrook Jewish Center 45% at fault in the happening of the accident, the defendant Serge Elevator Co., Inc., 45% at fault, and the plaintiff 10% at fault, granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the jury verdict as inconsistent and against the weight of the evidence and for a new trial.

Ordered that the order dated June 13, 2000, is affirmed; and it is further,

Ordered that the order dated July 29, 2005, is reversed, on the law and the facts, the defendants' motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial is denied, and the verdict is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was injured when the doors of a freight elevator closed on his hand. After a trial, the jury returned a verdict finding that the defendants were negligent and that their negligence was a substantial factor in causing the accident. The jury found that although the plaintiff was also negligent, his negligence was not a substantial factor in causing the accident. The jury nevertheless found the plaintiff was 10% at fault in the happening of the accident. The jury was dismissed after the verdict without any objection to the verdict placed on the record. The defendants moved pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and against the weight of the evidence and for a new trial. In its order dated July 29, 2005, the Supreme Court granted the defendants' motion and directed a new trial. We reverse the order dated July 29, 2005, and reinstate the verdict.

The defendants' post-trial argument that the jury verdict was internally inconsistent was obviously known to the defendants before the jury was discharged and yet they chose not to object to the verdict at that time. Accordingly, the Supreme Court improperly granted that branch of the defendants' motion which was to set aside the jury verdict as inconsistent (*cf. Barry v Manglass*, 55 NY2d 803 [1981]).

Furthermore, the verdict was not against the weight of the evidence (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The Supreme Court providently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3126 to strike

the answer of the defendant Serge Elevator Co., Inc. (hereinafter Serge), since there was no showing that Serge's actions were willful and contumacious (*see Moog v City of New York*, 30 AD3d 490 [2006]).

The plaintiff's remaining contentions are without merit or have been rendered academic in light of our determination. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.