■ BARBARA A. GUNTHER et al., Appellants, v MARYBETH MUSCHIO et al., Respondents. [837 NYS2d 283]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated April 17, 2006, as, upon a jury verdict on the issue of liability finding the defendants 100% at fault in the happening of the accident, granted the defendants' motion pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and against the weight of the evidence and for a new trial.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages.

While attending a barbecue at the defendants' home on August 3, 2002, the plaintiff Barbara A. Gunther (hereinafter the injured plaintiff), tripped and fell as she descended several steps leading from the back porch of the defendants' house to their backyard. In the verified complaint, the injured plaintiff and her husband, the plaintiff Edward Gunther, suing derivatively, allege that the defendants were negligent in allowing a concrete slab to protrude out from underneath the backyard steps and that the configuration of the slab was the proximate cause of the accident.

At trial, the injured plaintiff acknowledged that she had traversed the steps several times during the barbecue, and had observed the concrete slab prior to the occurrence. The issue of negligence was submitted to the jury. While the jury found that both the defendants and the injured plaintiff had been negligent, it further found that only negligence on the part of the defendants was a substantial factor in causing the accident. The defendants neither objected nor registered any claim of error at any time before the jury was discharged. However, almost two weeks after the trial, the defendants moved pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and against the weight of the evidence (see CPLR 4405) and for a new trial, which the Supreme Court granted in the order appealed from. We reverse the order insofar as appealed from.

Under the circumstances, the Supreme Court erred in granting the defendants' motion to set aside the verdict on the issue of liability as inconsistent in the absence of an objection by the defendants to the verdict on that ground prior to the discharge of the jury, at which time the court "could have taken corrective action . . . such as resubmitting the matter to the jury" (Barry v Manglass, 55 NY2d 803, 806 [1981]; see Gilbert v Kingsbrook Jewish Ctr., 37 AD3d 531 [2007]; Jamal v Gohel, 25 AD3d 587 [2006]; Sukhoo v City of New York, 1 AD3d 349 [2003]; Powell v New York City Tr. Auth., 186 AD2d 728, 729 [1992]; Alamia v

*Medical Ctr. of Brooklyn,* 119 AD2d 711, 712 [1986]). Instead, the defendants' objection was not raised until their posttrial motion, long after the time for any possible cure had passed (*see Alamia v Medical Ctr. of Brooklyn, supra* at 712). As such, the defendants must be deemed to have waived this objection.

Moreover, the jury verdict was not against the weight of the evidence. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur. [*See* 11 Misc 3d 1082(A), 2006 NY Slip Op 50651(U) (2006).]