■ THERESA GERDVIL et al., Appellants, v LUKE E. TARNOWSKI et al., Respondents. [842 NYS2d 71]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered February 9, 2006, as denied that branch of their motion pursuant to CPLR 4404 which was to set aside a jury verdict in favor of the defendants and against them as against the weight of the evidence, (2) from a judgment of the same court dated August 28, 2006, which, upon the jury verdict, is in favor of the defendants and against them dismissing the complaint and awarding the defendants costs, and (3) from a resettled judgment of the same court dated August 30, 2006, which, upon the jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeals from the order and the judgment are dismissed; and it is further,

Ordered that the resettled judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment and resettled judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the resettled judgment (*see* CPLR 5501 [a] [1]). Moreover, the judgment was superseded by the resettled judgment.

Under the facts of this case, the jury could have reasonably

concluded that although the defendant driver was negligent in entering an intersection in violation of Vehicle and Traffic Law § 1143, requiring him to yield the right of way to vehicles traveling on Central Avenue, his negligence was not a substantial factor in causing the accident. Rather, the jury reasonably could have found, based upon the plaintiff Theresa Gerdvil's varying accounts of where the defendants' vehicle came from, and the defendant driver's testimony that he was stopped at the time of the collision, that the accident resulted from Theresa Gerdvil's not seeing what was there to be seen, and that the position of the defendants' vehicle merely furnished the condition or occasion for the occurrence of the accident (*see Gerrity v Muthana,* 7 NY3d 834, 835-836 [2006]; *Peters v City of New York,* 33 AD3d 779 [2006]; *Ely v Pierce,* 302 AD2d 489 [2003]).

The plaintiffs' remaining contentions are unpreserved for appellate review, are without merit, or do not warrant reversal. Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.