■ DEBORAH J. KONTOMICHALOS, Appellant, v COUNTY OF NASSAU et al., Respondents. [895 NYS2d 106]—

On the morning of January 24, 2003, a van used to transport disabled individuals, which was owned by the defendant County of Nassau and operated by the defendant Gladstone A. Clarke, in the course of his employment with the defendant MTA Long Island Bus, made contact with a motor vehicle operated by the plaintiff, as both vehicles were executing left turns from Washington Street onto Peninsula Boulevard in Hempstead. Although, shortly prior to the occurrence, both vehicles had been traveling in adjacent lanes on Washington Avenue, there were no demarcated lanes at the intersection with Peninsula Boulevard where the collision occurred. Following a trial on the issue of liability, the jury found that Clarke had been negligent, but that his negligence was not a substantial factor in causing the collision.

The plaintiff's contention that the verdict was inconsistent is unpreserved for appellate review because she failed to object to the verdict on that ground before the jury was discharged (see Gilbert v Kingsbrook Jewish Ctr., 37 AD3d 531 [2007]).

In any event, the claim is without merit. "A jury's finding that a party was at fault but that [such] fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (Schaefer v Guddemi,

182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]). "A contention that a verdict is inconsistent and irreconcilable must be reviewed in the context of the court's charge, and where it can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rivera v MTA Long Is. Bus,* 45 AD3d 557, 558 [2007]).

Here, a finding of proximate cause did not inevitably flow from the finding of negligence, and a fair interpretation of the evidence supports the jury verdict in favor of the defendants. Applying the Supreme Court's charge regarding the broad duties and general obligations of a driver, the jury could reasonably have found that the defendant driver was negligent in failing to see the plaintiff's vehicle sooner, but that the defendant driver's negligence was not a proximate cause of the accident (*see Butler v New York City Tr. Auth.,* 67 AD3d 620 [2009]). Accordingly, the Supreme Court properly denied the plaintiff's motion to set aside the verdict. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.