■ MICHAEL MANCUSI, Appellant, v MICHAEL SETZEN et al., Respondents. [900 NYS2d 662]—In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated February 6, 2009, as denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in favor of the defendants on the issue of liability as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this medical malpractice action

against his treating otolaryngologist, the defendant Michael Setzen, and his medical practice, the defendant North Shore Otolaryngology Associates, P.C., alleging, inter alia, that Dr. Setzen departed from good and accepted medical practice by failing to timely recognize or test for signs of his sinus cancer. Following a jury verdict in favor of the defendants on the issue of liability, the plaintiff moved pursuant to CPLR 4404 (a), inter alia, to set aside the verdict as contrary to the weight of the evidence and for a new trial. In the order appealed from, the Supreme Court denied the motion. We affirm the order insofar as appealed from.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]). "The jury's resolution of conflicting expert testimony is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (*Speciale v Achari*, 29 AD3d 674, 675 [2006]). Here, the jury's determination that Dr. Setzen did not depart from good and accepted medical practice in not diagnosing the plaintiff's sinus cancer sooner was based upon a fair interpretation of the evidence presented at trial and, thus, should not be disturbed (*see Goldberg v Sottile & Megna, M.D., P.C.*, 54 AD3d 359 [2008]; *Casimir v Bar-Zvi*, 36 AD3d 578, 578-579 [2007]; *Nicastro v Park*, 113 AD2d 129 [1985]).

The plaintiff's remaining contention is without merit. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.