■ Scott Capwell, Individually and as Administrator of the Estate of Theresa Capwell, Deceased, Respondent, v Arif M. Muslim, M.D., et al., Defendants, and Westchester County Healthcare Corporation, Appellant. [915 NYS2d 617]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendant Westchester County Healthcare Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered July 1, 2009, as, upon a jury verdict finding that the plaintiff sustained damages in the sums of $3,000,000 for past pain and suffering and $4,000,000 for loss of consortium, denied that branch of its motion pursuant to

CPLR 4404 (a) which was to set aside the verdict on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial, or, in the alternative, to set aside the damages award for past pain and suffering as excessive, and granted that branch of its motion pursuant to CPLR 4404 (a) which was to set aside the damages award for loss of consortium as excessive only to the extent of directing a new trial on that issue unless the plaintiff stipulated to a reduction of loss of consortium damages to the sum of $1,000,000, and granted that branch of the plaintiff's cross motion pursuant to CPLR 4404 (a) which was to set aside the verdict as to damages for wrongful death as contrary to the weight of the evidence and for a new trial on the issue of whether its departure in the care and treatment of the plaintiff's decedent was a substantial factor in causing the decedent's death and, if so, on the issue of the damages sustained as a result of the decedent's death.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Before granting a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (*Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663, 664 [2009] [internal quotation marks omitted]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Roman v Brooklyn Navy Yard Dev. Corp.*, 63 AD3d 1136, 1136-1137 [2009]). Here, contrary to the contention of the defendant Westchester County Healthcare Corporation (hereafter WCH), a rational view of the trial evidence supports the jury's verdict on the issue of liability, finding that WCH deviated from accepted medical practice in the course of treating the plaintiff's decedent, and that WCH's medical malpractice was a substantial factor in causing the decedent's injuries. Moreover, the jury's findings on the issue of liability as to the cause of action alleging medical malpractice were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 134-135 [1985]).

We agree with the trial court's determination that the jury's verdict in WCH's favor as to the cause of action alleging wrongful death was contrary to the weight of the evidence. Accordingly, contrary to WCH's contention, the trial court properly granted that branch of the plaintiff's cross motion pursuant to

CPLR 4404 (a) which was to set aside the verdict as to wrongful death as contrary to the weight of the evidence and for a new trial on the issue of whether WCH's departure in the care and treatment of the decedent was a substantial factor in causing her death and, if so, on the issue of the damages sustained as a result of the decedent's death.

The award for past pain and suffering, and the trial court's determination as to a reduced award for loss of consortium, did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]).

WCH's remaining contentions are unpreserved for appellate review or without merit. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.