■ KATHLEEN MODAWAR et al., Appellants, v STATEN ISLAND MEDICAL GROUP, P.C., et al., Respondents. [964 NYS2d 220]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Marin, J.), dated August 9, 2011, which denied their motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability and for judgment as a matter of law or for a new trial, and (2) a judgment of the same court entered September 7, 2011, which, upon the jury verdict and the order, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents Albert B. Accettola, Jr., Joseph J. Giovinazzo, and Healthcare Associates in Medicine, P.C.

The appeal from the intermediate order dated August 9, 2011, must be dismissed, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"Before granting a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (*Capwell v Muslim*, 80 AD3d 722, 723 [2011] [internal quotation marks omitted]; *see Lang v Newman*, 12 NY3d 868, 870 [2009]; *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Here, contrary to the plaintiffs' contention, there was legally sufficient evidence to support the jury's finding that the defendant Joseph J. Giovinazzo's departure from the standard of care was not a substantial factor in causing the injured plaintiff's injuries. Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence unless the

jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). The jury's findings were based upon a fair interpretation of the evidence and, thus, were not contrary to the weight of the evidence (*id.*; *Steginsky v Gross*, 46 AD3d 671, 672 [2007]; *Nicastro v Park*, 113 AD2d 129, 134-135 [1985]).

We have not considered the plaintiffs' contention that the verdict was inconsistent, as they failed to include a transcript of the trial court's charge in their appendix (*see* CPLR 5528 [a] [5]; 22 NYCRR 670.10-b [c] [1]; *Siegel v Champion Parts*, 297 AD2d 796, 797 [2002]; *see also Kontomichalos v County of Nassau*, 69 AD3d 811, 812 [2010]). Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.