■ ROBERT DIBENEDETTO, Respondent, v JAMES ABREU et al., Appellants. [967 NYS2d 409]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Fusco, J.), dated January 13, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as found that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, for judgment as a matter of law on that issue, and for a new trial on the issue of damages only.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was injured when the vehicle he was driving was struck in the driver's side door by a vehicle driven by the defendant Maribel Abreu. After a trial on the issue of liability, Abreu was found to be 100% liable for the happening of the accident. After a trial on the issue of damages, the jury found, inter alia, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as found that he did not sustain a serious injury, for judgment as a matter of law on that issue, and for a new trial on the issue of damages only.

A motion for judgment as a matter of law pursuant to CPLR 4404 may be granted when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). Here, the plaintiff satisfied this standard (*see Capwell v Muslim*, 80 AD3d 722 [2011]; *Perez v St. Vincents Hosp. & Med. Ctr. of N.Y.*, 66 AD3d 663 [2009]; *Roman v Brooklyn Navy Yard Dev. Corp.*, 63 AD3d 1136 [2009]).

The plaintiff's evidence demonstrated, inter alia, that he sustained a rotator cuff tear and left biceps tendon tear, that these injuries were acute, and that they were the proximate result of the accident. The plaintiff also presented evidence of a quantified and significant decrease in range of motion in his left shoulder, both contemporaneously with the accident, and at the time of the most recent examination of his shoulder (*cf. Estrella v GEICO Ins. Co.*, 102 AD3d 730, 731-732 [2013]). The evidence presented by the defendant did not rebut the plaintiff's proof.

Accordingly, the plaintiff established as a matter of law that as a result of the accident he sustained a significant limitation of use of a body function or system, which constitutes a serious injury within the meaning of Insurance Law § 5102 (d). Therefore, the Supreme Court properly granted that branch of the plaintiff's motion which was to set aside so much of the verdict as found that he did not sustain a serious injury, for judgment as a matter of law on that issue, and for a new trial on the issue of damages only (*see* CPLR 4404 [a]). Rivera, J.P., Lott, Roman and Sgroi, JJ., concur.