SABRINA REITZEL et al., Appellants, v THEODORE HALE et al., Respondents, et al., Defendants. [9 NYS3d 659]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Leis III, J.), entered July 25, 2013, which, upon a jury verdict in favor of the defendants Theodore Hale, Martin Matalon, and Medical Arts & Obstetrics & Gynecology, P.C., and upon an order of the same court dated April 8, 2013, denying their motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of those defendants and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Nicastro v Park*, 113 AD2d 129, 134 [1985] [internal quotation marks omitted]; *see Mancusi v Setzen*, 73 AD3d 992, 993 [2010]; *Casimir v Bar-Zvi*, 36 AD3d 578, 578 [2007]). The jury's resolution of the credibility of conflicting expert witnesses is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts (*see Mancusi v Setzen*, 73 AD3d at 993). Here, a fair interpretation of the evidence supported the jury's findings that the defendant Theodore Hale was negligent in the manner in which he attempted to control maternal hemorrhaging and in failing to identify and protect the left distal ureter of the plaintiff Sabrina Reitzel during his performance of a cesarean section and, supracervical hysterectomy, but that such negligence was not a proximate cause of

her injuries. Accordingly, the Supreme Court properly denied the plaintiffs' motion pursuant to CPLR 4404 (a), inter alia, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

The plaintiffs' contention that the jury's verdict was inconsistent is unpreserved for appellate review, as they failed to object to the verdict on that ground before the jury was discharged, and did not raise the issue until their posttrial motion (*see Kontomichalos v County of Nassau*, 69 AD3d 811, 811 [2010]; *Gunther v Muschio*, 40 AD3d 1030, 1031-1032 [2007]; *Gilbert v Kingsbrook Jewish Ctr.*, 37 AD3d 531, 532 [2007]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.