GEORGE KOHLER, Appellant, v ERIC P. BARKER et al., Respondents. [48 NYS3d 242]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Santorelli, J.), entered December 1, 2014, which, upon a jury verdict in favor of the defendants on the issue of liability and upon an order of the same court dated October 3, 2014, denying his motion pursuant to CPLR 4404 (a) to set aside the verdict as inconsistent and contrary to the weight of the evidence, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On January 24, 2011, the plaintiff's vehicle collided with the right rear side of a truck driven by the defendant Eric P. Barker and owned by the defendant Nestle Waters North America, Inc., doing business as Poland Springs. The accident occurred when the plaintiff, who was driving his vehicle in excess of the posted speed limit, attempted to pass the truck, which had recently reentered the roadway, which had two westbound lanes, from the shoulder and was slowly moving into the left-hand lane in order to make a turn at the next intersection. Following a trial on the issue of liability, the jury found that Barker had been negligent, but that his negligence was not a substantial factor in causing the collision.

The plaintiff's contention that the jury's verdict was inconsistent is unpreserved for appellate review, as he failed to object to the verdict on that ground before the jury was discharged, and did not raise the issue until his posttrial motion (*see Reitzel v Hale*, 128 AD3d 1045, 1046 [2015]; *Kontomichalos v County of Nassau*, 69 AD3d 811, 811 [2010]; *Gunther v Muschio*, 40 AD3d 1030, 1031 [2007]; *Gilbert v Kingsbrook Jewish Ctr.*, 37 AD3d 531, 532 [2007]).

The Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. A jury verdict should not be set aside as

contrary to the weight evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Scalogna v Osipov*, 117 AD3d 934, 935 [2014]; *Crooks v E. Peters, LLC*, 103 AD3d 828, 829 [2013]; *Lopreiato v Scotti*, 101 AD3d 829 [2012]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Young Mee Oh v Koon*, 140 AD3d 861, 862 [2016]; *Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615 [2008]). Under the facts of this case, the jury could have reasonably concluded that although Barker was negligent, his negligence was not a substantial factor in causing the accident (*see Gerdvil v Tarnowski*, 43 AD3d 995, 996 [2007]; *Aprea v Franco*, 292 AD2d 478, 479 [2002]).

The admissibility and scope of expert testimony is a determination within the discretion of the trial court (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 558 [1998]; *Doviak v Finkelstein & Partners, LLP*, 137 AD3d 843, 847 [2016]; *Galasso v 400 Exec. Blvd., LLC*, 101 AD3d 677, 678 [2012]). Generally, expert opinion is proper when it would help clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Matter of Islam v Lee*, 115 AD3d 952, 953 [2014]). Here, the Supreme Court did not improvidently exercise its discretion in admitting the testimony of the defendants' expert. Contrary to the plaintiff's contention, the testimony of the defendants' expert was based on facts in the record and his own analysis, not speculation (*see Felicia v Boro Crescent Corp.*, 105 AD3d 697, 698 [2013]; *Plainview Water Dist. v Exxon Mobil Corp.*, 66 AD3d 754, 755 [2009]; *Shi Pei Fang v Heng Sang Realty Corp.*, 38 AD3d 520, 521 [2007]).

The plaintiff's remaining contention is unpreserved for appellate review. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.