Correa v Abel-Bey (2020 NY Slip Op 06239)





Correa v Abel-Bey


2020 NY Slip Op 06239


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2017-00722
 (Index No. 22788/12)

[*1]Jizelle Correa, etc., respondent,
v
Geddis Abel-Bey, etc., et al., appellants.


Marulli, Lindenbaum & Tomaszewski, LLP, New York, NY (Gerard J. Marulli of counsel), for appellants.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Deborah Pearl Henkin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered December 2, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and granted that branch of their motion which was to set aside the verdict on the issue of damages and for a new trial or, alternatively, to reduce the amount of damages awarded as excessive, only to the extent of setting aside the verdict and directing a new trial on the issue of certain damages unless the plaintiff stipulated to reduce the verdict as to future pain and suffering from $10,000,000 to $3,500,000 and to reduce the period of time during which the plaintiff would incur certain future economic damages from 90 years to 45 years.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants argue that the jury's verdict on the issue of liability was not supported by a fair interpretation of the evidence. "A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (Reitzel v Hale, 128 AD3d 1045, 1045 [internal quotation marks omitted]; see Nicastro v Park, 113 AD2d 129, 134). "The jury's resolution of the credibility of conflicting expert witnesses is entitled to great weight, as it is the jury that had the opportunity to observe and hear the experts" (Reitzel v Hale, 128 AD3d at 1045; see Mancusi v Setzen, 73 AD3d 992, 993). Here, the jury's determination that the defendant Geddis Abel-Bey departed from accepted medical practice during the mother's labor and delivery of the infant and that such departures proximately caused the infant's injuries was based upon a fair interpretation of the evidence presented at trial and, thus, should not be disturbed (see Sence v Atoynatan, 142 AD3d 600, 603).
The defendants also argue that the jury's verdict on the issue of liability was inconsistent to the extent the jury determined that New York Hospital Queens departed from accepted medical practice with respect to its care of the infant but that such departures did not proximately cause her injuries. "A jury's finding that there was negligence, but that such negligence was not a proximate cause of the injury is inconsistent and, therefore, against the weight of the [*2]evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Kearney v Papish, 136 AD3d 690, 691 [internal quotation marks omitted]; see Schaefer v Guddemi, 182 AD2d 808, 809). Here, the jury's verdict was not inconsistent and, therefore, not against the weight of the evidence.
Contrary to the defendants' contention, the damages award, as reduced and stipulated to by the plaintiff, does not deviate materially from what would be considered reasonable compensation (see CPLR 5501[c]; Flaherty v Fromberg, 46 AD3d 743, 746; Lopez v New York City Health & Hosps. Corp., 278 AD2d 65, 65). Moreover, the award of the cost of private education for the infant and for certain future economic damages over a period of 45 years was not speculative, but was based on the evidence presented at trial (see Reilly v St. Charles Hosp. & Rehabilitation Ctr., 143 AD3d 692, 695; Grossman v Franklin Hosp. Med. Ctr., 260 AD2d 544, 544).
The defendants' remaining contention is without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court